IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRCT OF DELAWARE

| | |
|---|---|
| CORTLANDT STREET RECOVERY CORP., <br><br> Plaintiff, <br><br> -v.- <br><br> TPG TROY, LLC, T3 TROY LLC, APAX PARTNERS L.P., TPG PARTNERS IV, L.P., TPG ADVISORS IV, INC., TPG GENPAR IV, L.P., TPG ADVISORS II, INC., T3 GENPAR II, L.P., T3 PARTNERS II, L.P., and T3 PARALLEL II, L.P., <br><br> Defendants. | Case No. 11-1271-RGA |

## STIPULATION AND DISMISSAL WITHOUT PREJUDICE

(Action Relating to Payment in Kind Notes
Issued by Hellas Telecommunications Finance, S.C.A.)

WHEREAS, in December 2006, Hellas Telecommunications Finance, S.C.A. issued Payment in Kind Notes due in 2015 (the "PIK Notes");

WHEREAS, on December 21, 2011, Plaintiff filed the complaint in this action alleging claims against Defendants relating to the PIK Notes ("Delaware PIK Notes Action");

WHEREAS, the Defendants in this action include TPG Troy, LLC; T3 Troy LLC; TPG Partners IV, L.P.; TPG Advisors IV, Inc.; TPG GenPar IV, L.P.; TPG Advisors II, Inc.; T3 GenPar II, L.P.; T3 Partners II, L.P and T3 Parallel II, L.P. (collectively, the "TPG DE Defendants");

WHEREAS, on December 5, 2011, Plaintiff filed in the Supreme Court of the State of New York a complaint alleging identical claims relating to the PIK Notes, New York County

Index No. 653357/2011 ("New York PIK Notes Action"), which includes as defendants the TPG DE Defendants, among others;

WHEREAS, on April 25, 2012, the entities referred to herein as the TPG DE Defendants, among other defendants, moved to dismiss the New York PIK Notes Action for lack of personal jurisdiction, among other grounds for dismissal (the "Motion to Dismiss"); and

WHEREAS, the parties to the Delaware PIK Note Action have conferred and agreed that this action may be voluntarily dismissed without prejudice if the entities referred to herein as the TPG DE Defendants submit themselves to personal jurisdiction in the New York PIK Note Action and withdraw their challenge to personal jurisdiction in the Motion to Dismiss.

NOW, THEREFORE, the parties stipulate and agree as follows:

1. The entities referred to herein as the TPG DE Defendants will submit themselves to personal jurisdiction in the Supreme Court of the State of New York in the New York PIK Notes Action, and any related or substitute action, suit or proceeding filed in New York concerning the same acts, transactions or occurrences in which the New York PIK Notes Action may be consolidated or continued, and will withdraw and not renew or reassert in any form that part of the Motion to Dismiss claiming that the New York Supreme Court does not have personal jurisdiction over them;

2. Contemporaneously with the execution of this Stipulation and Dismissal, the TPG DE Defendants will file such notice, pleading or other document in the New York PIK Notes Action necessary under the rules of the New York Supreme Court to carry out Paragraph 1 above;

3. The Delaware PIK Notes Action is hereby dismissed without prejudice and without costs to any party. This Stipulation and Dismissal will be filed with the Court by

Plaintiff's counsel immediately upon Plaintiff's receipt of an e-mail notification from the NYSCEF system or a copy of the NYSCEF e-filing Receipt evidencing that the TPG DE Defendants have filed the Affirmation previously agreed to by Plaintiff's counsel as satisfying Paragraphs 1 and 2 hereof;

4. This Stipulation and Dismissal is without prejudice to the rights of the TPG DE Defendants to contest personal jurisdiction over them in any unrelated litigation filed in New York that does not concern the acts, transactions or occurrences at issue in the New York PIK Notes Action;

5. The withdrawal of the Motion to Dismiss for lack of personal jurisdiction in the New York PIK Notes Action is without waiver of, or prejudice to, any other ground for dismissal asserted therein by the TPG DE Defendants;

6. This Stipulation and Dismissal is not intended to waive or prejudice any grounds for dismissal asserted in the Motion to Dismiss by any other defendant in the New York PIK Notes Action, including lack of personal jurisdiction; and

7. Fax or electronic signatures in PDF format will be deemed originals for purposes of this Stipulation and Dismissal.

Dated: Wilmington, Delaware
June 5, 2012

| BIFFERATO GENTILOTTI LLC | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| By: /s/ Garvan F. McDaniel<br>Garvan F. McDaniel (Bar No. 4167)<br>800 North King Street, Plaza Level<br>Wilmington, Delaware 19801<br>(302) 429-1900<br>gmcdaniel@bglawde.com | By: /s/ Pilar G. Kraman<br>Adam W. Poff (No. 3990)<br>Pilar G. Kraman (No. 5199)<br>Rodney Square<br>1000 N. King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>apoff@ycst.com<br>pkraman@ycst.com |
| David J. Abrams<br>KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>1633 Broadway<br>New York, New York 10019<br>(212) 506-1701<br>Counsel for TPG Troy, LLC, T3 Troy LLC, TPG Partners IV, L.P., TPG Advisors, IV, Inc., TPG GenPar IV, L.P., TPG Advisors II, Inc., $T^3$ GenPar II, L.P. $T^3$ Partners II, L.P., and $T^3$ Parallel II, L.P. | Jared B. Stamell<br>Andrew R. Goldenberg<br>STAMELL & SCHAGER, LLP<br>One Liberty Plaza, 35th Floor<br>New York, New York10006<br>(212) 566-4047<br>Counsel for Cortlandt Street Recovery Corp. |

SO ORDERED this 6th day of June, 2012

_/s/ Richard G. Andrews_
The Honorable Richard G. Andrews